**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 24-cr-00083-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    DYLAN ANDREW MILLER,

      Defendant.

---

## ORDER

At the close of the trial day on November 21, 2025, counsel for Defendant Dylan Andrew Miller ("Defendant" or "Mr. Miller") raised an anticipatory objection to the admission of four video clips from the Minimal Facts Interview conducted with Olivia on October 23, 2023 by Sergeant Alex Hutchinson ("Sergeant Hutchinson"). [Nov. 21, 2025 Hearing Tr. at 257:16–260:10].[1] The Court has reviewed and considered the video clips, i.e., Government's Exhibits 56a; 56b; 56c; and 56d; the trial transcript; the Parties' arguments made on the record on November 21, 2025; and the applicable law.[2]

---

[1] The Court cites to a preliminary nonpublic version of the trial transcript in this matter. Accordingly, there may be some variations with respect to page numbers, line numbers, and precise language should an official transcript be ordered and prepared.

[2] The Court is aware of the United States' Motion to Admit Clips of Olivia's Forensic Interview, [Doc. 166], and has ordered Defendant to respond by 8:00 a.m. on November 24, 2025, [Doc. 168]. The Court does not pass on the Government's Motion at this time.

## I.    Summary of Video Clips

*Exhibit 56a.*  Beyond the (mis)identification of the date of the alleged assault, [Nov. 21, 2025 Hearing Tr. at 258:4–13], Exhibit 56a reflects additional statements.  In Exhibit 56a, Olivia provides details about circumstances that resulted in her presence in North Lake Park; the alleged assault by Defendant Miller (including the length of the interaction, the movement of the police vehicle, the lack of presence of Defendant's body worn camera, the location of the alleged assault, and her physical position vis-à-vis Defendant's body); and what occurred after the assault.

*Exhibit 56b.*    Exhibit 56b reflects statements by Olivia about the original (mis)identification of the date of the alleged assault and where she worked at the time of the alleged assault.

*Exhibit 56c.*  Exhibit 56c reflects a description by Olivia of the alleged assailant, including but not limited to statements regarding possible hair color, height, ethnicity, build, and uniform.

*Exhibit 56d.*  Exhibit 56d reflects a description by Olivia of the alleged assailant's facial hair.

## II.    Analysis

The Government seeks to introduce video evidence reflecting statements made by Olivia during her initial Minimal Facts Interview conducted on October 23, 2023. Defendant objects, arguing that such statements are hearsay not subject to any exception and are also inadmissible pursuant to Rule 403 of the Federal Rules of Evidence as unduly cumulative and prejudicial.  [Nov. 21, 2025 Hearing Tr. at 257:26–258:13, 258:18–260:10, 263:11–264:15, 264:24–265:1].  The Government argues that Exhibits 56a–56d

are admissible as (1) prior consistent statements under Rule 801(d)(1)(B)(i) to rebut the contention that she fabricated her testimony or (2) under Rule 801(d)(1)(B)(ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.  [*Id.* at 260:14–263:9, 265:6–22].  The Court considers each argument in turn.

### A.    Prior Consistent Statements to Rebut Charge of Fabrication

Rule 801(d)(1)(B)(i) provides that a statement is not hearsay when (1) the declarant testifies and is subject to cross-examination about a prior statement, (2) the statement is consistent with the declarant's testimony, and (3) the statement is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying.  Fed. R. Evid. 801(d)(1)(B)(i).

Olivia's prior consistent statements are admissible "to rebut a charge of recent fabrication or improper influence or motive *only when* those statements were made before the charged recent fabrication or improper influence or motive."  *Tome v. United States*, 513 U.S. 150, 167 (1995) (emphasis added).  Defendant argues that Olivia's purported fabrication arose on October 23, 2023.  [Nov. 21, 2025 Hearing Tr. at 263:23–24].  This Court respectfully agrees that, with respect to an alleged motive to fabricate the assault generally, the earliest that this alleged motive to fabricate could have arisen was October 23, 2023, after Olivia's grandparents contacted law enforcement to report the alleged assault.  According to Defendant, Olivia's statements made on October 23, 2023 therefore do not qualify as prior consistent statements under *Tome.*

But Defendant's argument ignores his counsel's repeated suggestions at trial that the prosecution team had improperly coached Olivia during the trial preparation sessions held on October 29, November 5, November 6, and November 13, 2025, or that Olivia

was seeking answers from Agent Harris during her trial testimony. *See, e.g.*, [Nov. 19, 2025 Hearing Tr. at 204:10–13, 257:5–12; Nov. 20, 2025 Hearing Tr. at 37:15–40:9].

Specifically, defense counsel engaged in the following colloquy with Olivia:

> **Q [Defense counsel]**:  Now, yesterday you said that you kept looking over at Agent Harris and I asked you if you were looking for the answer to some questions?
>
> **A [Olivia]**:  No, I was looking for comfort.  I am not going to look around at other people.  That is what I was told to do before.
>
> * * *
>
> **Q**:  Yesterday, well you just said it again, you were told to look at Agent Harris for comfort.  Right?
>
> **A**: Yes.
>
> **Q**: And you did that a lot yesterday afternoon?
>
> **A**: Yes.
>
> **Q**: And you were upset yesterday afternoon because you were being asked questions you didn't know the answer to?
>
> **A**: Sure.
>
> **Q**:  I was asking you questions that the Government, your team, hasn't asked you in your trial preparation sessions; right?
>
> **A**: Yeah.
>
> * * *
>
> **Q**:  When I asked you those questions you weren't prepared--you hadn't been prepared by them for those questions?
>
> **A**: Sure.
>
> **Q**: And that is when you looked over to Agent Harris for help?
>
> **A**:  No, once again I was looking at him for comfort.  I don't need his help answering questions.  I am 17 years old.  I can answer for myself.

**Q**:  Well I asked you about inconsistent statements you have made in this case; right?

**A**:  Sure.

**Q**:  They haven't asked you those questions?

**A**:  No.  But I still answered with my own words.  I don't need an answer from Agent Harris, I look at him for comfort because that is who I am directly staring at.

**Q**:  Yeah he is your agent.  I asked you about lies you told in this case?

**A**:  I haven't told any lies, but, okay.

[Nov. 20, 2025 Hearing Tr. 37:15–20, 37:24–38:1, 39:1–40:4].   By doing so in that instance and others, Defendant made an implied charge that the prosecution team was actively coaching Olivia, or that her trial testimony was based on "a recent improper influence or motive."  Fed. R. Evid. 801(d)(1)(B)(i).

This case is analogous to the Ninth Circuit case of *United States v. Kootswatewa*, 893 F.3d 1127 (9th Cir. 2018).  In that case, the defendant suggested during opening statements that the victim had fabricated her report of sexual abuse because she wanted to avoid being disciplined by her mother.  *Id.* at 1134.  But then, during cross-examination of the victim, defense counsel suggested that the victim "had two separate motives for fabricating her story:  She wanted to avoid getting in trouble with her mother, as alluded to during opening statement; and, in addition, she was complying with her mother's instructions about what to say during her in-court testimony."  *Id.*  The district court subsequently admitted statements the victim made to a police officer as prior consistent statements under Rule 801(d)(1)(B)(i).  *Id.*  at 1134–35.

The Ninth Circuit affirmed the district court's decision, holding that even though the prior consistent statements were not admissible to rebut the alleged motive to fabricate

the story so that the victim would avoid discipline, the statements *were* admissible to rebut the suggestion that the victim's in-court testimony had been tainted by her mother's coaching, since the statements were made before that alleged improper motive arose. *Id.* The Ninth Circuit explained: "Rule 801(d)(1)(B)(i) does not require that a prior statement rebut all improper influences or motives suggested by defense counsel. It is sufficient if the prior statement tends to rebut one of them." *Id.* at 1135.

Accordingly, Olivia's October 23, 2023 statements during her Minimal Facts Interview are admissible prior consistent statements to rebut defense counsel's suggestion that Olivia was acting from a recent improper influence or motive in her testimony, i.e., prosecutorial coaching during the trial preparation process. *See United States v. Bruce*, 127 F.4th 246, 254 (10th Cir.), *cert. denied*, 145 S. Ct. 2865 (2025).[3]

### B.    Prior Consistent Statements to Rehabilitate Declarant's Credibility

Even beyond their admissibility pursuant to Rule 801(d)(1)(B)(i), Exhibits 56a–56d are admissible under Rule 801(d)(1)(B)(ii). Rule 801(d)(1)(B)(ii) provides that a statement is not hearsay when (1) the declarant testifies and is subject to cross-examination about a prior statement, (2) the statement is consistent with the declarant's testimony, and (3) the statement is offered to rehabilitate the declarant's credibility as a witness when attacked on another ground. Fed. R. Evid. 801(d)(1)(B)(ii). Rule 801 was amended to include this provision after *Tome* was decided. *See United States v. Magnan*, 756 F.

---

[3] To the extent Defendant argues that Olivia's statements misidentifying the date of the alleged assault as July 25, 2023 are not prior consistent statements because she now identifies the date of the alleged assault as August 4, 2023, *see* [Nov. 21, 2025 Hearing Tr. at 258:4–13], the Court respectfully disagrees. Olivia's prior statements misidentifying the date are consistent with her trial testimony that she initially misidentified the date and explaining why she originally reported an incorrect date, *see* [Nov. 19, 2025 Hearing Tr. at 213:16–214:4; Nov. 20, 2025 Hearing Tr. at 10:16–20].

App'x 807, 818 (10th Cir. 2018). As the Court previously ruled, if Defendant attacks Olivia's testimony on another ground, such as inconsistency or poor memory, then the prior consistent statements may be admissible under Rule 801(d)(1)(B)(ii), subject to other admissibility requirements. *See* [Doc. 134 at 6 (citing *United States v. Begay*, 116 F.4th 795, 800 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 1933 (2025))]; *see also Begay*, 116 F.4th at 800 (finding that the *Tome* requirement does not apply to statements proffered under Rule 801(d)(1)(B)(ii), as there is "no . . . rationale for importing a pre-motive-statement requirement into" that rule); *but see United States v. Portillo*, 969 F.3d 144, 175 (5th Cir. 2020) (explaining how it may be "difficult" for a court to rule that a declarant was attacked on "another ground" where the declarant is attacked *both* on credibility and consistency grounds); *id.* at 174–76 (explaining that it is unsettled whether the *Tome* timing requirements apply to statements offered under Rule 801(d)(1)(B)(ii)). No contrary authority was offered by Defendant during argument on November 21, 2025.[4] Therefore, Defendant has not persuaded the Court that the *Tome* timing requirements apply to evidence a proponent seeks to admit under Rule 801(d)(1)(B)(ii).[5]

While defense counsel suggest that they only tangentially questioned Olivia's credibility on a basis other than fabrication with regard to July 27, 2023 encounter with

---

[4] In the Court's November 7, 2025 Minute Order, the Court advised the Parties that if they "have located additional case law discussing the *Tome* timing requirements and Rule 801(d)(1)(B)(ii), the Parties should be prepared to present that authority to the Court at trial, should this issue arise." [Doc. 134 at 7 n.4]. Therefore, the Court infers that Defendant did not locate any additional authority addressing the *Tome* timing requirements in the context of Rule 801(d)(1)(B)(ii).

[5] If the Court were to conclude that the *Tome* timing requirements apply to evidence under Rule 801(d)(1)(B)(ii), then the Court's above analysis about the new charge of motive to lie based on prosecutorial coaching during the trial preparation process would nevertheless permit admission of these statements.

Defendant based on her use of marijuana, [Nov. 21, 2025 Hearing Tr. at 264:7–12], the record indicates otherwise.  In addition to questioning whether Olivia's recollection was compromised due to her use of marijuana on the night of July 27, 2023, defense counsel repeatedly challenged Olivia about her ability to recall the events on the night of August 3–4, 2023.[6]  *See, e.g.*, [Nov. 19, 2023 Hearing Tr. at 210:5–216:25].  For instance, after repeatedly pointing out instances where Olivia could not remember certain details during the trial preparation meetings, defense counsel engaged in the following line of questioning:

> **Q [Defense counsel]**:  And as you sit there you know that [the prosecution] want your memory to be refreshed; right?
>
> **A [Olivia]**:  Yes.
>
> **Q**:  Because they need your memory to be refreshed so that they can put you on the stand in this trial?
>
> **A**:  Yes.
>
> **Q**:  And you understand in these meetings that if you just say I don't remember all day long they don't have a case here; right?
>
> **A**:  Yes.
>
> **Q**:  And so you needed to remember stuff?
>
> **A**:  Yes.
>
> **Q**:  So that [you could] see this through?
>
> **A**:  Yes.

[*Id.* at 221:8–21].  In these circumstances, under Rule 801(d)(1)(B)(ii), Exhibits 56a–56d

---

[6] The Court notes that this case involves allegations of events occurring late on August 3, 2023 and after midnight on August 4, 2023.  *See* [Doc. 1 at 1 (the Indictment alleging events "[o]n or about August 4, 2023")].

are admissible to rehabilitate Olivia's credibility.  *See* Fed. R. Evid. 801(d)(1)(B)(ii); *Bruce*, 127 F.4th at 253.

### C.    Rule 403

Defendant also contends that these video clips are also inadmissible under Rule 403.  Under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Defendant argues that the video clips of the October 23, 2023 interview with Sergeant Hutchinson are cumulative and inadmissible under Rule 403.  [Nov. 21, 2025 Hearing Tr. at 259:24–260:3, 264–24–265:1].  This Court respectfully disagrees.

A central theme of the defense is that Olivia fabricated the entire encounter with Defendant Miller and that this fabrication is evidenced by her inconsistencies in what she told various investigators and friends.  Indeed, from the beginning of Defendant's opening statement, counsel described Olivia as an "unreliable narrator," [Nov. 19, 2025 Hearing Tr. at 30:15–18, 31:9–10], described the case as a "house of cards [that] has been flimsily built on Olivia's story," [*id.* at 22:2–6], and implored the members of the jury to "pay attention," including to Olivia's demeanor, because "[t]he evidence will show that her story changes based on who she talks to," [*id.* at 30:20–21].  Olivia's statements during the Minimal Facts Interview are not only probative for the Government's case-in-chief, but also to Defendant's defense.

 "[O]ur law *favors* admission of all relevant evidence not otherwise proscribed; thus, exclusion under this rule is 'an extraordinary remedy [that] should be used

sparingly.'" *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999) (emphasis and alteration in original)). "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (quotation omitted). Moreover, "[c]umulative evidence is defined as evidence which goes to prove what has already been established by other evidence." *United States v. Otuonye*, 995 F.3d 1191, 1208 (10th Cir. 2021) (quotation omitted).

The Court finds that Defendant has not articulated a persuasive basis for the Court to conclude that these video clips would cause the jury to decide this case on an improper basis. Moreover, the Court cannot conclude that this evidence is cumulative. Although Olivia has testified at length about the alleged assault and alleged inconsistences, as explained above, Defendant focused at length on Olivia's credibility in her testimony. Evidence that Olivia made prior consistent statements is not cumulative of Olivia's trial testimony, which has been attacked at length by defense counsel. Accordingly, this Court concludes that Rule 403 does not warrant the exclusion of Exhibits 56a–56d.

Accordingly, it is **ORDERED** that:

(1)    Defendant's challenge to the admission of Exhibits 56a–56d is

       **OVERRULED**.

DATED:  November 23, 2025                BY THE COURT:

                                             Nina Y. Wang
                                             United States District Judge