**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 24-cr-00083-NYW-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     DYLAN ANDREW MILLER,

      Defendant.

---

**FINAL JURY INSTRUCTIONS**

---

**INSTRUCTION NO. 1**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT**

The Government has the burden of proving Defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find Defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning Defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that Defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**INSTRUCTION NO. 4**

**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 5**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits—inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

**INSTRUCTION NO. 6**

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the Government has proved the guilt of Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 7**

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of several witnesses in this case.  You may have also heard that, before this trial, a witness made a statement that may be different from their testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable their testimony in this trial was.  You cannot use it as proof of anything else. You can only use it as one way of evaluating the witness's testimony here in court.

**INSTRUCTION NO. 8**

**EXPERT WITNESSES**

During the trial you heard the testimony of government witnesses Ryan Hammer, who expressed opinions regarding the location data associated with multiple electronic devices, and Matthew Markovich, who expressed opinions regarding the extraction of data from four cell phones.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**INSTRUCTION NO. 9**

**NON-TESTIFYING DEFENDANT**

Defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 9**

**VOLUNTARINESS OF STATEMENT BY DEFENDANT**

Evidence has been presented about a statement attributed to Defendant alleged to have been made after the commission of the crime charged in this case but not made in court.  Such evidence should always be considered by you with caution and weighed with care.  You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement.  For example, consider the age, gender, training, education, occupation, and physical and mental condition of Defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by Government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances.  If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**INSTRUCTION NO. 10**

**INVESTIGATIVE METHODS OR TECHNIQUES**

You have heard testimony as to the manner in which the Government conducted the investigation in this case, including certain investigative methods or techniques that were used and certain investigative techniques that were not used.  You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the Government and the credibility of law enforcement personnel involved in the investigation. In attempting to prove its case, there is no legal requirement that the Government, through its enforcement agents, must use all known or available crime detection methods or any particular type of equipment.  The question is whether the evidence is sufficient to convince you beyond a reasonable doubt of the Defendant's guilt.

## INSTRUCTION NO. 11

## IDENTIFICATION TESTIMONY

The Government must prove, beyond a reasonable doubt, that the offense charged in this case was actually committed and that it was Defendant who committed it. Thus, the identification of Defendant as the person who committed the offense charged is a necessary and important part of the Government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before. Is the testimony about an identification made after the commission of the crime the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which Defendant was presented to the witness for identification and the length of time that elapsed between the crime and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of Defendant as the person who committed the offense charged, you must find Defendant not guilty.

## INSTRUCTION NO. 12

## POLICIES, PROCEDURES, AND TRAINING EVIDENCE

Policies, procedures, and training from Loveland Police Department have been introduced into evidence. This evidence has been admitted for a limited purpose. You may use it only to determine whether the Defendant acted willfully, as I have just described that word to you.

It is, of course, wholly up to you to determine whether the Defendant violated any rule or policy or whether he acted in a manner contrary to his training. I caution you that, even if you find that the Defendant violated any rules or policies or that he acted against his training, not every instance of inappropriate behavior on the part of a law enforcement officer rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate departmental rules or policies or to violate training principles without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or agency policy.

If you determine that the Defendant violated any internal departmental rule or policy or if you find that he acted contrary to his training, you may consider that evidence only in determining whether the Defendant acted willfully, and not in determining whether the Defendant's actions violated the Constitution in the first instance.

**INSTRUCTION NO. 13**

**CAUTION – CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the Government has proved beyond a reasonable doubt that Defendant is guilty of the crime charged.  Defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

**INSTRUCTION NO. 14**

**CAUTION – PUNISHMENT**

If you find Defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 15**

**THE INDICTMENT**

I will now read to you the Indictment.  For purposes of this reading, please note that "Minor #1" is Olivia.  As I instructed you before trial began, the Indictment is simply the description of the charges made by the Government against Defendant; it is not evidence of guilt or anything else.

***[Read Indictment]***

**INSTRUCTION NO. 16**

**ON OR ABOUT**

You will note that the Indictment charges that the crime was committed on or about

August 4, 2023.  The Government must prove beyond a reasonable doubt that Defendant

committed the crime reasonably near this date.

**INSTRUCTION NO. 17**

**ELEMENTS OF DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**

Defendant is charged in Count One of the Indictment with a violation of 18 U.S.C.
§ 242.

The law makes it a crime for anyone acting under color of law to willfully deprive
someone of a right secured by the Constitution or laws of the United States.

To find Defendant guilty of this crime, you must be convinced that the Government
has proved each of the following beyond a reasonable doubt:

*First:*     Defendant was acting under color of law when he committed the act
         charged in the Indictment;

*Second:*  Defendant deprived Olivia of her right to bodily integrity, which includes
         the right to be free from non-consensual sexual acts and which is a right
         secured by the Constitution or laws of the United States; and

*Third:*    Defendant acted willfully, that is, Defendant acted with a bad purpose,
         intending to deprive Olivia of that right.

**INSTRUCTION NO. 18**

**ELEMENT ONE:  ACTING UNDER COLOR OF LAW**

The first element the Government must prove with respect to Count One is that the

Defendant acted under color of law.

"Under color of law" means acts done under any state law, county or city ordinance,

or other governmental regulation, and includes acts done according to a custom of some

governmental agency.  It means that the Defendant acted in his official capacity or else

claimed to do so, but abused or misused his power by going beyond the bounds of lawful

authority.

**INSTRUCTION NO. 19**

**ELEMENT TWO:  DEPRIVATION OF THE RIGHT TO BODILY INTEGRITY
THROUGH A NON-CONSENSUAL SEXUAL ACT**

The second element the Government must prove with respect to Count One is that the Defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States.  In this case, the right involved is the right to bodily integrity.  I instruct you that the right to bodily integrity is secured and protected by the Constitution of the United States.

A non-consensual sexual act committed by a state actor violates the right to bodily integrity.  Under the Constitution, no state actor may coerce, threaten, force, intimidate, or otherwise cause another individual to submit, against her will, to any sexual act.  Sexual acts are defined to include contact between the mouth and the penis.

To determine if the Defendant deprived Olivia of her right to bodily integrity, you must consider whether the Defendant engaged in the sexual act charged in the Indictment and whether the sexual act was without the consent of Olivia.

Thus, if you find that the Defendant engaged in the sexual act described in the Indictment—putting his penis in Olivia's mouth—you must then determine whether Olivia consented to the conduct.  An individual's right to bodily integrity is not violated by a sexual act that the individual welcomes or to sexual acts to which she gives free and voluntary consent.  In considering whether Olivia consented, remember that consent that is the product of official intimidation or harassment is not consent at all.  An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.  In considering whether Olivia consented, you should consider the totality of the circumstances.

If you find that the Defendant engaged in the sexual act set forth in the Indictment
without the consent of Olivia, you may find this element satisfied.

**INSTRUCTION NO. 20**

**ELEMENT THREE:  WILLFULLNESS**

The third element the Government must prove with respect to Count One is that the Defendant acted willfully.

A defendant acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids.

To find that the Defendant acted willfully, it is not necessary for you to find that the Defendant knew that he was violating a specific law or constitutional provision.  But you must find that Defendant had a specific intent to deprive Olivia of a right protected by the Constitution or federal law.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.  But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.  You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**INSTRUCTION NO. 21**

**AGGRAVATED SEXUAL ABUSE, SEXUAL ABUSE, OR KIDNAPPING**

If you determined that the Defendant is guilty of Count One above, you must then go on to determine whether that offense involved the aggravated sexual abuse of Olivia, whether that offense involved the sexual abuse of Olivia, or whether that offense involved the kidnapping of Olivia.

You may find that the offense involved only aggravated sexual abuse, only sexual abuse, or only kidnapping, or you may find that the offense involved two of the three or all three. The Special Verdict form allows you to set forth your decision with respect to aggravated sexual abuse, sexual abuse, and kidnapping.

Begin by deciding whether the Government has proven beyond a reasonable doubt that the Defendant is guilty of violating 18 U.S.C. § 242 by acting under color of law to willfully deprive Olivia of her right to bodily integrity. If you find the Defendant guilty, then go on to make the following additional determinations: (1) whether the Government has proven beyond a reasonable doubt that the offense involved aggravated sexual abuse; (2) whether the Government has proven beyond a reasonable doubt that the offense involved sexual abuse; and (3) whether the Government has proven beyond a reasonable doubt that the offense involved kidnapping, as those terms will be defined for you. Your answers to each of these questions must be unanimous.

***Aggravated Sexual Abuse.*** A defendant commits "aggravated sexual abuse" if he knowingly causes another person to engage in a sexual act by either (1) using physical force against that person, or (2) threatening or placing that person in fear that she will be subjected to death, serious bodily injury, or kidnapping. This requires more than a showing that the person did not welcome or consent to the sexual act. It requires proof

25

that the defendant used force or made serious threats to accomplish the sexual act. "Knowingly" means voluntarily and intentionally, not because of mistake or accident.

As you have already been instructed, the term "sexual act" includes contact between the mouth and the penis.

If you find that the Defendant knowingly caused Olivia to engage in a sexual act, then you must determine whether he did so by using physical force or by threatening her with—or otherwise placing her in fear of—death, serious bodily injury, or kidnapping.

The term "force" includes physical force sufficient to overcome, restrain, or injure another. To establish force, the Government need not demonstrate that the defendant used actual violence. The requirement of force may be satisfied by a showing of restraint sufficient to prevent the victim from escaping the sexual conduct. Force may also be implied from a disparity in coercive power or in size between the defendant and the victim or from the disparity in coercive power, combined with physical restraint.

Alternatively, you may find this element satisfied if you find that the Defendant placed Olivia in fear of death, serious bodily injury, or kidnapping. "Kidnapping" is defined to include confining, restraining, keeping, or detaining someone against their will.

***Sexual Abuse.*** A defendant commits "sexual abuse" if he knowingly either (1) causes another person to engage in a sexual act by threatening or placing that other person in fear, or (2) engages in a sexual act with another person without that other person's consent, to include doing so through coercion.

For the first prong of this element, the Government need not show that the defendant placed the other person in fear of death, serious bodily injury, or kidnapping;

instead, the Government only needs to prove that the defendant put the other person—
here, Olivia—in fear.

As you have already been instructed, the term "sexual act" includes contact
between the mouth and the penis.

The term "coercion" encompasses both physical and nonphysical coercion.

***Kidnapping.***  You may find the offense involved kidnapping if you find that Olivia
was forcibly held, detained, or carried away against her will for a reason unrelated to a
legitimate law enforcement objective.  Law enforcement officers may seize individuals
and hold them against their will when making an arrest based upon probable cause that
the person broke the law.  Once arrested, an individual may be transported to a jail, police
station, courthouse, or similar facility to be booked and to await a judicial determination
as to whether they should be detained for reasons of public safety.

A law enforcement officer may not, however, detain or physically isolate someone
for a purpose that, viewed objectively from the perspective of a reasonable officer, is
unrelated to a legitimate law enforcement objective, such as for personal pecuniary gain,
sexual gratification, or to retaliate or extract vengeance.

**INSTRUCTION NO. 22**

**DUTY TO DELIBERATE – VERDICT FORM**

In a moment, the Courtroom Deputy will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  You must decide whether the Government has proved Defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for the count in the Indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict form.  The rest of you will also sign the verdict form.

**INSTRUCTION NO. 23**

**COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the Courtroom Deputy, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.